1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11 | MICHAEL ALLEN FRANCE,

12 |                               Plaintiff,

13 | v.

14 | JERRY BROWN; JEFFERY BEARD;
   | JOSE GARCIA; JOSEPH SINGLETON,

15 |                               Defendant.

16

17

18

Case No.:  3:16-cv-02398-AJB-RBB

**ORDER: (1) DISMISSING FIRST AMENDED  COMPLAINT FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b); and (2)  DENYING MOTION TO INTRODUCE PROOF OF SERVICE AS MOOT**

19

20

21

22

23

24

25

26

27

28

## I.    Procedural History

On September 21, 2016, Michael Allen France ("Plaintiff"), a state inmate currently incarcerated at Mule Creek State Prison, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  He sought an injunction from the Governor of California preventing "any further warrants of arrests to be issued on me," $55,000 in compensatory damages, $14,000,000 in punitive damages and the termination of his parole agent, Defendant Joseph Singleton.  (Compl. at 7.)

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)  The Court GRANTED Plaintiff's Motion to Proceed

1 | IFP but simultaneously DISMISSED his Complaint for failing to state a claim, as

2 | frivolous and for seeking monetary damages against immune defendants.  (ECF No. 8 at

3 | 7-9.)  Plaintiff was granted leave to file an amended pleading and on January 9, 2017,

4 | Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 12.)  In addition,

5 | Plaintiff has filed a "Motion to Introduce Proof of Service" which is DENIED as moot in

6 | light of the Court's Order below dismissing the entire action.  (ECF No. 14.)

7 | **II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

8 | "The Court shall review, before docketing, if feasible or, in any event, as soon as

9 | practicable after docketing," complaints filed by all persons proceeding IFP, and by

10 | those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

11 | sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

12 | conditions of parole, probation, pretrial release, or diversionary program."  *See* 28 U.S.C.

13 | §§ 1915(e)(2) and 1915A(b).  The Court must sua sponte dismiss complaints, or any

14 | portions thereof, which are frivolous, malicious, fail to state a claim, or which seek

15 | damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

16 | *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

17 | "Section 1983 creates a private right of action against individuals who, acting

18 | under color of state law, violate federal constitutional or statutory rights."  *Devereaux v.*

19 | *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of

20 | substantive rights, but merely provides a method for vindicating federal rights elsewhere

21 | conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

22 | and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1)

23 | deprivation of a right secured by the Constitution and laws of the United States, and (2)

24 | that the deprivation was committed by a person acting under color of state law."  *Tsao v.*

25 | *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

26 | / / /

27 | / / /

28 | / / /

## A.      Freedom of Religion[1] claims

The Court finds that a majority of Plaintiff's allegations, while far from clear, are borderline frivolous under § 1915(e)(2) and § 1915A.  Plaintiff objects to a number of the parole conditions enforced by Defendants, including but not limited to, requiring Plaintiff to "live in a residential treatment facility for 90 days and then a sober living house for 180 days."  (FAC at 3.)  Plaintiff claims he "attempted to go to a 90 day inpatient treatment center 4 or 5 times" but he "had enough of their attempted indoctrination that would leave a person to believe that loving God and using drugs are mutually exclusive." (*Id.* at 4.)  He further alleges that his religion of "Here and Nowism" believes that "spiritual beings were put into chemically dependent bodies and are required to figure out what chemicals they can use and remain kind."  (*Id.* at 5.)

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact....[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pleading is "factual[ly] frivolous[ ]" under § 1915(e)(2) § 1915A(b)(1) if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Neitzke*, 490 U.S. at 327, to determine whether they are " 'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 325-28).

---

[1]       In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that his belief is "sincerely held" and "rooted in religious belief."  *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

1    Applying these standards to the allegations Plaintiff's FAC, the Court finds that

2  Plaintiff's freedom of religion claims may be frivolous pursuant to 28 U.S.C.

3  § 1915(e)(2) § 1915A(b)(1). *See Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir.

4  2014).

5    **B.    Absolute Immunity**

6    Regardless of whether Plaintiff's religious beliefs are "sincerely held," to the

7  extent that Plaintiff seeks money damages against his parole agent, or his agent's

8  supervisor for alleged constitutional violations,  the Court finds the constitutional claims

9  against these Defendants must be dismissed for seeking damages against defendants who

10  are  immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

11    Defendants Singleton and Garcia are entitled to absolute immunity for claims of

12  money damages relating to allegations of imposing unconstitutional parole conditions.

13  *See Thornton v. Brown,* 757 F.3d 834, 840 (9th Cir. 2013).  The Ninth Circuit has held

14  "absolute immunity "extend[s] to parole officials for the 'imposition of parole conditions'

15  because that task is 'integrally related to an official's decision to grant or revoke parole,'

16  which is a 'quasi-judicial function.'" *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir.

17  2004) (quoting *Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983)).

18    Therefore, the claims for monetary damages against Defendants Singleton and

19  Garcia are DISMISSED on the grounds that Plaintiff is seeking monetary damages

20  against Defendants who are immune.

21  **III.   Conclusion and Orders**

22    Good cause appearing, the Court:

23    1)    **DISMISSES** Plaintiff's First Amended Complaint for seeking monetary

24  damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

25    2)    **DENIES** Plaintiff's Motion to Introduce Proof of Service (ECF No. 14) as

26  moot;

27    3)    **DENIES** Plaintiff further leave to amend as futile. *See Cahill v. Liberty Mut.*

28  *Ins. Co*., 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of

3:16-cv-02398-AJB-RBB

1   discretion where further amendment would be futile); *Gonzalez*, 759 F.3d at 1116

2   (district court's discretion in denying amendment is "particularly broad" when it has

3   previously granted leave to amend);

4         4)       **CERTIFIES** that an appeal of this final Order of dismissal would be

5   frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See*

6   *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548,

7   550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if

8   appeal would not be frivolous); and

9         5)       **DIRECTS** the Clerk of Court to terminate this civil action and close the file.

10        **IT IS SO ORDERED**.

11

12   Dated:  February 13, 2017

13                                              Hon. Anthony J. Battaglia

14                                              United States District Judge